Argued and submitted November 25, 1985, affirmed January 8, reconsideration denied February 14, petition for review denied March 25, 1986 (300 Or 704)

## STATE OF OREGON,
*Respondent,*

*v.*

## ALICE CARMEL McNASSAR,
*Appellant.*

(M436157, M436159; A35922)

712 P2d 170

William Uhle, Portland, argued the cause and filed the brief for appellant.

Terry Ann Leggert, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

Defendant appeals her convictions for driving under the influence of intoxicants (DUII) and reckless driving, both arising out of the same incident; the court sentenced her only for DUII. She assigns as error the court's refusal to give a less satisfactory evidence instruction. We affirm.

Officer Venemon of the Portland Police Bureau saw defendant driving a car and swerving back and forth for a number of blocks. She ultimately stopped defendant and, after further investigation, arrested her. Venemon testified that, when she stopped her, defendant was mentally and physically out of control and had a strong alcohol odor on her breath; her descriptions of defendant's speech and walk indicate that she was intoxicated. Defendant testified that she had had only two glasses of wine some time before driving and that she was in good condition. Defendant's sister and brother-in-law, with whom she had spent the evening, corroborated her statements. Defendant testified that her erratic driving was the result of the emotions she felt after driving past the hospital where her father had recently died.

Although other police officers were also present at various times after defendant's arrest, they were on leave at the time of the trial and did not testify. The state did not call the tow truck driver who removed defendant's car or the taxi driver who took her home. The city had decided not to equip its police cars with cameras or tape recorders and Venemon therefore did not take defendant's picture or record their conversation. Defendant argued that the state's failure to gather or produce all of the aforementioned witnesses and other evidence justified her request for the following uniform instruction:[1]

> "When you evaluate the evidence, you may consider the power of the prosecution to gather and produce evidence. If the evidence offered by the prosecution was weaker and less satisfactory than other stronger or more satisfactory evidence

---

[1] Defendant also asserts that the alleged failure of the police to conduct an adequate breathalyzer test or field sobriety tests support the requested instruction. Defendant was unable to produce sufficient breath for a valid test and refused to perform a field sobriety test. Any failure to present that evidence was not the state's fault.

218

which the prosecution could have offered, then you should view the weaker and less satisfactory evidence with distrust."

 Defendant's argument appears to misunderstand the purpose of the less satisfactory evidence instruction and of the statutory requirement that it be given on all proper occasions. ORS 10.095(7), (8); *State v. Brock,* 53 Or App 785, 790, 633 P2d 805 (1981), *aff'd* 294 Or 15, 653 P2d 543 (1982). The instruction does not penalize a party for failing to produce all *available* evidence. Rather, it draws the jury's attention to a party's failure to produce evidence *when that failure could give rise to an inference that the evidence would be adverse to the party*—that is, when it appears that the party may be trying to hide something. Here the state produced strong evidence—the testimony of the arresting officer. If the other evidence were favorable to the state, it would most likely be a repetition of the officer's testimony. Although a photograph or tape recording might also have been strong evidence, the city's policy decision not to provide the necessary equipment is not an attempt to suppress unfavorable evidence. The state's failure to gather or produce this evidence did not compel the court to give the requested instruction.

The testimony of the absent officers is a closer matter. Unlike the tow truck and taxi drivers, they are trained in evaluating a person's intoxication. Their failure to corroborate Venemon's evidence would have severely damaged the state's case. However, their testimony could not have been stronger or more satisfactory than Venemon's. Venemon was the person who actually saw defendant drive and who made the decision to arrest her. She was the officer with the greatest knowledge of the circumstances. We find no error.[2]

Affirmed.

---

[2] Although it refused to give the instruction, the court allowed defendant to argue her theory to the jury.