JAMES, J.
*416 Defendant appeals a judgment of conviction for unlawful use of a vehicle, ORS 164.165, and first-degree theft by receiving, ORS 164.055, assigning error to the trial court's failure to give the "less satisfactory evidence" jury instruction, described in ORS 10.095(7) and (8), and Uniform Criminal Jury Instruction (UCrJI) 1030. The state argues this was an inappropriate occasion to give the "weaker and less satisfactory evidence" instruction. We agree with the state and affirm.
"In reviewing the trial court's refusal to give a requested instruction, we view the record in the light most favorable to establishment of the facts necessary to require that instruction."
*384 State v. Egeland , 260 Or.App. 741, 742, 320 P.3d 657 (2014). On June 6, 2013, defendant brought a trailer into Winter Lake Recycling, a metal recycling yard that purchased scrap metal for recycling. Defendant had been to Winter Lake Recycling several times prior. Defendant was towing the trailer and drove it over a scale that the recycling yard used to weigh scrap metal. The recycling yard purchased the trailer from defendant. They provided defendant with a receipt which defendant signed, and made a copy of his driver's license for their records. A video recording of the trailer on the scale was also made as part of the yard's regular business practice.
About a week later, Wayne Van Burger, the owner of the property where the trailer had been stored, noticed the trailer was missing. Van Burger called the owner of the trailer, Gregory Aasen, to notify him it was missing. Aasen located his trailer at Winter Lake Recycling and was able to identify the trailer, because it was a custom built piece of equipment.
When the police were notified and arrived at Winter Lake Recycling, Herbert "Jake" Kohl, the owner of Winter Lake Recycling, showed the investigating officer footage of defendant driving the trailer over the scale. Though Kohl did not recall giving the investigating officer a copy of that footage, his wife, Rebecca Kohl, testified that she gave an officer the video of the defendant crossing the scale. Jake *417 and Rebecca Kohl both testified to having previously interacted with-and purchased scrap metal from-defendant on several occasions and indicated they were familiar with him based on those previous interactions.
At trial, defendant requested the "less satisfactory evidence" instruction, because the state failed to produce at trial the video of defendant driving across the scale at the recycling yard with the trailer. The trial court declined to give that instruction, and explained that, although it would not give that instruction to the jury, defendant could make an argument to that effect to the jury in defendant's closing arguments, which defendant did. Ultimately, the jury convicted defendant of unlawful use of a vehicle, ORS 164.165, and first-degree theft by receiving, ORS 164.055.
On appeal, defendant assigns error to the court's refusal to give UCrJI 1030 to the jury, arguing that the state possessed and failed to produce at trial a video recording of defendant crossing the scale at the metal recycling yard. Defendant argues that there is a basis for the jury to conclude that the unoffered evidence is stronger and more satisfactory than the evidence that the state offered at trial, and the state's failure to offer the video supports an inference that the evidence would have been adverse to the state, and therefore, UCrJI 1030 should have been given to the jury. In response, the state argues that the instruction was inappropriate in this circumstance, and that the record does not show that the state possessed the video, or that the video was stronger evidence than the unimpeached eye-witness testimony. The state further argues that even if the failure to give UCrJI 1030 was error, the error was harmless.
The less satisfactory evidence instruction is derived from ORS 10.095(7) and (8) which provides that "on all proper occasions" the jury is to be instructed by the court
"(7) [t]hat evidence is to be estimated, not only by its own intrinsic weight, but also according to the evidence which it is in the power of one side to produce and of the other to contradict; and, therefore,
(8) [t]hat if weaker and less satisfactory evidence is offered when it appears that stronger and more satisfactory *418 [evidence] was within the power of the party, the evidence offered should be viewed with distrust."
ORS 10.095(7), (8).
The language of UCrJI 1030 reads:
"LESS SATISFACTORY EVIDENCE (State's Burden of Proof). When you evaluate the evidence, you may consider the power of the state to gather and produce evidence. If the evidence offered by the state was weaker and less satisfactory than other stronger or more satisfactory evidence which the state could have offered, then you should view the weaker and less satisfactory evidence with distrust."
*385 In light of that fact that the instruction is "as close to a comment on the evidence as any presently allowed" the instruction is generally disfavored. State v. McDonnell , 313 Or. 478, 499, 837 P.2d 941 (1992). We have noted that the instruction "is not appropriate in most cases." Id. Despite that cautionary language, however "[i]t is reversible error to refuse to give a particular statutory instruction upon timely request when there is a basis in the evidence for giving it." Ireland v. Mitchell , 226 Or. 286, 291, 359 P.2d 894 (1961).
In determining whether it was a "proper occasion" for the instruction we must determine whether the party requesting the instruction demonstrated that "other evidence was reasonably available on a fact in issue and that there is a basis for the jury to conclude that the other evidence is stronger and more satisfactory than the evidence offered." McDonnell , 313 Or. at 500, 837 P.2d 941. If the party meets that factual predicate, it is an abuse of discretion for the trial court to refuse to give the instruction. State v. West , 145 Or.App. 322, 328-29, 930 P.2d 858 (1996).
As the appropriateness of the instruction is tied to whether the evidence was "reasonably available," the instruction implicates principles of criminal discovery. It is well-established that in Oregon, information available to the state includes information in the possession of the police or other law enforcement agencies working on the investigation. Brady v. Maryland , 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) ; see also Kyles v. Whitley , 514 U.S. 419, 437-38, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995).
*419 Applying those principles to this case, the record shows that the first prong is satisfied. Rebecca Kohl testified that she gave the video to the investigating officer and her testimony was not contradicted. The record, viewed in the light most favorable to the party requesting the instruction, establishes that the police received the video of defendant on the scale, and the video was therefore evidence available to the state at trial regardless of whether or not the police had turned the video over to the prosecutor.
However, as previously discussed, the appropriateness of the instruction is a two-pronged inquiry. It is not enough that unproferred evidence was available to the state; the defendant must also establish that the evidence was stronger and more satisfactory than the evidence offered. The instruction does not penalize a party for failing to produce all available evidence. "Rather, it draws the jury's attention to a party's failure to produce evidence when that failure could give rise to an inference that the evidence would be adverse to the party-that is, when it appears that the party may be trying to hide something. State v. McNassar , 77 Or.App. 215, 218, 712 P.2d 170, rev. den. , 300 Or. 704, 716 P.2d 758 (1986).
In this case, there is nothing in the record that discloses how the video would be stronger and more satisfactory or could give rise to an inference that the evidence was adverse to the state. Defendant's only argument as to why the video of the trailer on the scale would have been more satisfactory is that defendant would have been seen crossing the scale with the trailer. But defendant presents no compelling argument as to why the video would be stronger evidence than the defendant's signed and dated receipt for 2,740 pounds of scrap metal, a photocopy of his identification, and two witnesses who were familiar with defendant identifying him as the person who brought the trailer to the scrap yard.
We rejected a similar argument in State v. Hendershott , 131 Or.App. 531, 887 P.2d 351 (1994), rev. den. , 320 Or. 587, 890 P.2d 993 (1995). There, the defendant was involved in a carjacking, among other crimes, but before either the police or the defendant could forensically examine the vehicle involved, police inadvertently returned the car to the owner. In that case, *420 we concluded that the record did not reflect that evidence from the car was "stronger than the testimony from several eyewitnesses who implicated [the defendant]." Id. at 536, 887 P.2d 351.
Defendant has not met his burden to show that there was a basis for the jury to conclude that the evidence not produced was stronger and more satisfactory than the evidence that was offered. Accordingly, the record *386 does not support giving the requested instruction, and the trial court did not err.
Affirmed.