Submitted April 29, affirmed June 29, petition for review denied November 23, 2022 (370 Or 472)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CRUZ PALACIOS-ROMERO,
aka Cruz Palacios,
*Defendant-Appellant.*

Multnomah County Circuit Court
19CR17197; A174421

514 P3d 137

Defendant was convicted of 41 counts of rape and sexual abuse. On appeal, he contends that the trial court erred by (1) denying his request for the "less satisfactory evidence" instruction; (2) discussing jury instructions outside his presence on the morning of the fourth day of trial; (3) instructing the jury that it could return nonunanimous guilty verdicts; and (4) entering an amended judgment without notice to defendant. *Held*: The trial court did not commit reversible error. First, the court did not err in refusing to give the "less satisfactory evidence" instruction, where the state chose to offer the testimony of the Spanish translator who participated in defendant's police interview, instead of playing a heavily redacted audio recording of the interview, because the circumstances did not reasonably give rise to an inference that the audio recording would have been adverse to the state. Second, any error in discussing jury instructions outside defendant's presence on the fourth day of trial either was not plain or was harmless. Third, the court erred by instructing the jury that it could return nonunanimous guilty verdicts, but the error was harmless because the jury returned all unanimous verdicts. Fourth, the court did not enter an amended judgment without notice, where the record shows that defendant was notified and consented to the amendment.

Affirmed.

Thomas M. Ryan, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Zachary Lovett Mazer, Deputy Public Defender, Office of Public Defense Services, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Joanna Hershey, Assistant Attorney General, filed the brief for respondent.

Before James, Presiding Judge, and Aoyagi, Judge, and Joyce, Judge.

AOYAGI, J.

Affirmed.

**AOYAGI, J.**

Defendant was convicted of 39 counts of first-degree rape, ORS 163.375, and two counts of third-degree sexual abuse, ORS 163.415, for crimes committed against his daughter over a period of several years. On appeal, defendant contends that the trial court erred by (1) denying his request for the less-satisfactory-evidence instruction; (2) discussing jury instructions with counsel on the morning of the fifth day of trial without defendant present and without a valid waiver; (3) instructing the jury that it could return nonunanimous guilty verdicts; and (4) entering an amended judgment without notice to defendant. For the following reasons, we affirm.

The underlying historical facts are not relevant to the issues on appeal. Instead, each claim of error turns on particular procedural facts, which are best discussed in connection with the individual assignments of error. We therefore proceed directly to our analysis.

## DENIAL OF LESS-SATISFACTORY-EVIDENCE INSTRUCTION

In his first assignment of error, defendant contends that the trial court erred by denying his request for the less-satisfactory-evidence instruction, which is one of the so-called "statutory instructions" that trial courts must give "on all proper occasions." ORS 10.095; *see also State v. Payne*, 366 Or 588, 595-98, 468 P3d 445 (2020) (recent discussion of the statutory instructions). Under ORS 10.095, the jury is "to be instructed by the court on all proper occasions" as follows:

"(7)   That evidence is to be estimated, not only by its own intrinsic weight, but also according to the evidence which it is in the power of one side to produce and of the other to contradict; and, therefore

"(8)   That if weaker and less satisfactory evidence is offered when it appears that stronger and more satisfactory evidence was within the power of the party, the evidence offered should be viewed with distrust."

The basis for defendant's request for the less-satisfactory-evidence instruction was as follows. During the

police investigation of defendant's crimes, a detective interviewed defendant with the assistance of a Spanish interpreter—Martinez—and defendant made incriminating statements in Spanish. At trial, the state called Martinez to testify regarding the content of the interview, including defendant's statements.[1] The state next called the detective, who also testified regarding the interview (although less about its content), including noting that it had been audio-recorded. On cross-examination, defense counsel asked a leading question about the detective not having the audio recording with him at trial, to which the detective responded, "I do, actually." Asked to clarify, the detective reiterated that he had the recording with him and that it was "available." No further questions were asked.

Near the end of trial, in discussing jury instructions, defendant requested the less-satisfactory-evidence instruction, based on Martinez's testimony being weaker and less satisfactory evidence than the audio recording. The state opposed the request, explaining that it had not admitted the audio recording because it was in Spanish, was two hours long, and would have required tedious redactions as it contained significant inadmissible portions, including potentially prejudicial comments on issues such as defendant's immigration status. The state argued that there was no basis to infer that it was trying to hide anything. The state noted that defendant "had ample opportunity to cross-examine," as well as that defendant "had [a] summary of the interview, plus the recording of the interview himself as well, and could flush out anything if he felt the State was hiding anything."

The court denied defendant's request for the instruction, stating that it did not believe that it was appropriate to give in these circumstances.

The court did not err. The less-satisfactory-evidence instruction is to be given when (1) "'other evidence was reasonably available on a fact in issue,'" and (2) "'there is

---

[1] Martinez testified that, before trial, she listened to the audio recording of the interview to refresh her recollection. Also, early in her testimony, without objection, she was given "a copy of the summary of the interview" to use to refresh her recollection.

a basis for the jury to conclude that the other evidence is stronger and more satisfactory than the evidence offered.'" *State v. West*, 289 Or App 415, 418, 410 P3d 382 (2017) (quoting *State v. McDonnell*, 313 Or 478, 500, 837 P2d 941 (1992)). Importantly, the instruction "does not penalize a party for failing to produce all *available* evidence," but rather, as relevant here, "draws the jury's attention to a party's failure to produce evidence *when that failure could give rise to an inference that the evidence would be adverse to the party*— that is, when it appears that the party may be trying to hide something." *State v. McNassar*, 77 Or App 215, 218, 712 P2d 170, *rev den*, 300 Or 704 (1986) (emphases in original); *see also McDonnell*, 313 Or at 503 (stating, with reference to *McNassar*, that the instruction "may be appropriate" if "the state's failure to produce evidence could give rise to an inference that the evidence would be adverse to the state— that is, when it appears that the state may be trying to hide something").

Here, the state's decision to have Martinez testify regarding what defendant said during the interview— rather than heavily redacting the two-hour audio recording (risking redaction errors that could be prejudicial to defendant) and then playing the redacted audio with live Spanish translation—does not reasonably give rise to an inference that the audio recording would have been adverse to the state. That is particularly so because defendant participated in the interview (giving him personal knowledge of what was said), he had received a copy of the audio recording as well as a summary of the interview (as represented by the prosecutor without contradiction), and the detective actually brought the recording with him to trial and made clear that it was "available" if anyone wanted it.

Indeed, it is unclear when, if ever, it would be appropriate to give the less-satisfactory-evidence instruction when both parties have equal access to the purportedly stronger evidence. The first part of the statutory instruction states "[t]hat evidence is to be estimated, not only by its own intrinsic weight, but also according to the evidence which it is in the power of *one side* to produce and of the other to contradict." ORS 10.095(7) (emphasis added). That at least

suggests a possibility that the legislature did not intend the instruction to be given when both parties have equal access to the purportedly stronger evidence. The Supreme Court has come close to saying as much:

> "[W]ith the advent of reciprocal discovery; the requirement that, if the state has knowledge of evidence favorable to the defense or exculpatory in nature, the state is under an affirmative due process obligation to make it available to the defense; and the availability of *subpoena duces tecum*, the necessity for the instruction will be rare in a criminal case. Generally, the defendant will have knowledge of and access to the same evidence as the state. Evidence, therefore, normally is equally available to both parties."

*McDonnell*, 313 Or at 500 (internal citations omitted).

In any event, in this case, the circumstances do not allow for a reasonable inference that the state might have been trying to hide something. Relatedly, it is not obvious that a live Spanish translation of a heavily redacted audio recording is necessarily stronger and more satisfactory evidence than the original Spanish interpreter's testimony. *Cf. West*, 289 Or App at 419 (in theft prosecution, a video recording of the defendant at the scene, which the state had not produced, was not necessarily stronger evidence than the documentary and testamentary evidence that the state offered); *State v. West*, 145 Or App 322, 327-29, 930 P2d 858 (1996), *rev den*, 326 Or 43 (1997) (in DUII prosecution, the testimony of an officer who witnessed the defendant's field sobriety testing was not necessarily weaker and less satisfactory evidence than testimony from the officer who administered the tests); *State v. Hendershott*, 131 Or App 531, 536, 887 P2d 351 (1994), *rev den*, 320 Or 587 (1995) (in carjacking prosecution, the vehicle—which the state had accidentally returned to its owner and could not locate—was not necessarily stronger evidence "than the testimony from several eyewitnesses"); *McNassar*, 77 Or App at 218 (in DUII and reckless-driving prosecution, the arresting officer's testimony was strong enough evidence that any other evidence that the state could have offered "would most likely be a repetition of the officer's testimony").

Finally, defendant suggests that the instruction should have been given so that he could "at least" *argue* to

the jury that the state might have been hiding something by not playing the recording at trial. We disagree because, when the less-satisfactory-evidence instruction is given, the jury is instructed not that it *may* look upon the weaker and less satisfactory evidence with distrust, but rather that "the evidence offered *should* be viewed with distrust." ORS 10.095(8) (emphasis added); *see McDonnell*, 313 Or at 500 (citing favorably to 2 *McCormick on Evidence* 184-89, § 264 (4th ed 1992) ("A number of factors support a conservative approach [to instructing on an adverse inference]." (Brackets in *McCormick*.))).

The trial court did not err in denying defendant's request for the less-satisfactory-evidence instruction in this case.

### JURY-INSTRUCTIONS DISCUSSION WITHOUT DEFENDANT PRESENT (DAY FIVE)

In his second assignment of error, defendant contends that the trial court erred by conducting a portion of trial outside his presence and without a valid waiver of his right to be present. A criminal defendant has a right to be present during trial under ORS 136.040, the Oregon Constitution, and the federal constitution. *See State v. Shutoff*, 263 Or App 615, 616-17, 330 P3d 1237 (2014) (applying ORS 136.040); *State v. Jacobson*, 296 Or App 87, 90-91, 437 P3d 243 (2019) (applying Oregon Constitution); *Illinois v. Allen*, 397 US 337, 338, 345-47, 90 S Ct 1057, 25 L Ed 2d 353 (1970) (applying federal constitution). Whether a defendant validly waived that right is ultimately a question of law. *State v. Ward*, 367 Or 188, 198, 475 P3d 420 (2020).

At the end of the fourth day of defendant's trial, after the jury was excused, the trial court asked defense counsel if they could briefly discuss jury instructions and whether defendant (who was in custody) wanted to be present. Defendant conferred privately with defense counsel and then told the court that he was going to leave. After he left, the court spoke with the lawyers for four minutes, during which time the court twice indicated that they would discuss the jury instructions more later, including saying at one point that "we can talk about it tomorrow."

On the morning of the fifth day of trial, as soon as court was called to order and before the jury came in, counsel conferred off the record, and then the court stated, "We're going to be talking about jury instructions and verdict form mostly. And [defense counsel], you're waiving your client's appearance for this discussion, right?" Defense counsel responded, "I don't think it would be of any interest to him, Judge, so yes." The court and the lawyers discussed jury instructions for approximately 35 minutes, took a 25-minute recess (during which defendant was apparently brought into the courtroom), and then called in the jury and resumed witness testimony.

Defendant contends that the trial court erred in discussing jury instructions outside his presence on the morning of trial day five. He argues that his counsel's "purported waiver was clearly invalid" because a waiver must be knowing and voluntary, and his counsel's statement "indicates that he did not discuss the issue with defendant." Defendant cites *State v. Keys*, 302 Or App 514, 517, 460 P3d 1020 (2020), *rev'd on other grounds*, 368 Or 171, 489 P3d 83 (2021), in which the defendant's lawyer purported to waive the defendant's right to a preliminary hearing, even though it was clear that she had not advised him or consulted with him on the issue—as they had just been introduced—and we agreed with the parties that the waiver should be viewed as invalid.

Defendant acknowledges that he did not raise this claim of error in the trial court, but he argues that preservation is excused under the circumstances or, alternatively, that the court committed a "plain" error that we should exercise our discretion to correct. *See* ORAP 5.45(1) (as an exception to the general appellate requirement of preservation, we have discretion to consider a "plain" error); *State v. Dilallo*, 367 Or 340, 344, 478 P3d 509 (2020) (an error is "plain" if it is an error of law, is obvious and not reasonably in dispute, and is apparent from the record without our needing to choose among competing inferences—at which point it is a matter of discretion whether we will correct it). The state disagrees on both points.

We need not resolve the thorny preservation issue on which the parties disagree. To the extent that preservation was required—as the state contends—the claim of error is unpreserved, and the trial court did not commit "plain" error in accepting the waiver. In determining whether defendant knowingly and voluntarily waived the right to be present, the court could consider its own knowledge of what had transpired in court, defense counsel's statements, the court's own judicial experience in matters of this kind, and "a certain measure of common sense." *State v. Harris*, 291 Or 179, 185-86, 630 P2d 332 (1981). Here, the court knew that, at the end of trial day four, defendant had specifically conferred with defense counsel on the issue of being present for the discussion of jury instructions. It is also apparent from the record that the court and the parties expected to continue discussing jury instructions the following day and that, when court began the following morning, the parties knew that the first order of business would be discussion of jury instructions. Under the circumstances, the trial court reasonably could have understood defense counsel's confirmation of defendant's waiver of his right to be present for that discussion to be based on the prior day's off-the-record conference, along with any other discussions that counsel had since had with defendant. We are unpersuaded that the loose wording of counsel's response to the court's request for confirmation of defendant's waiver conclusively establishes that the waiver was invalid and that the court plainly erred in accepting it.

Conversely, to the extent that preservation was *excused*—as defendant contends—any error was harmless, as nothing in this record suggests that defendant suffered any discernable prejudice. *See State v. Wilson*, 323 Or 498, 507-08, 918 P2d 826 (1996) (under both the state and federal constitutions, a defendant's right to be present at trial is subject to harmless-error analysis).

We therefore reject the second assignment of error.

NONUNANIMOUS-VERDICT INSTRUCTION

In his third assignment of error, defendant contends that the trial court erred by instructing the jury that

it could return nonunanimous guilty verdicts. Defendant is correct that it was error to give that instruction. *See Ramos v. Louisiana*, 590 US \_\_\_, 140 S Ct 1390, 1394, 1397, 206 L Ed 2d 583 (2020) (holding that, under the Sixth Amendment, a criminal defendant may be convicted of a serious offense only by unanimous verdict). However, because the jury returned unanimous guilty verdicts on all charges, the error was harmless. *State v. Kincheloe*, 367 Or 335, 339, 478 P3d 507 (2020), *cert den*, \_\_\_ US \_\_\_, 141 S Ct 2837 (2021). We reject the third assignment of error.

### AMENDED JUDGMENT (LACK OF NOTICE)

Finally, defendant contends that the trial court erred by entering an amended judgment without notice. The assignment is not well taken.

At sentencing, the court orally announced defendant's sentences for each of his 41 convictions, with some running consecutively and some running concurrently. The court then entered a judgment that conformed to its oral sentencing, with one exception. The prosecutor later brought the anomaly to the court's attention, after which the court entered an amended judgment that conformed to its oral sentencing.

In his opening brief, defendant asserts that there is no record that the court gave notice to the parties before entering the amended judgment. *See* ORS 137.172(1) (allowing a trial court, after entry of judgment, "to modify the judgment, including the sentence, to correct any arithmetic or clerical errors or to delete or modify any erroneous term in the judgment," but requiring "written notice to all of the parties"). In its answering brief, the state points to a series of emails between trial court staff and the parties, which demonstrate both that notice was given and that defense counsel expressly agreed to the amendment, stating, "That is fine with me." Those emails are part of the record on appeal.[2] In his reply brief, defendant addresses

---

[2] The emails were not part of the record on appeal at the time that defendant filed his opening brief. However, upon recognizing the omission, the state moved to supplement the record on appeal, and defendant did not object. That motion was granted before the state filed its answering brief.

other matters but is silent as to this assignment of error. We reject the fourth assignment without further discussion.

Affirmed.