***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Argued and submitted February 28, affirmed July 27, petition for review denied
November 23, 2022 (370 Or 471)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ALFONSO FELIPE-JACINTO,
*Defendant-Appellant.*

Marion County Circuit Court
20CR04986; A174565

David E. Leith, Judge.

Kyle Krohn, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Shannon T. Reel, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosnblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

ORTEGA, P. J.

Affirmed.

**ORTEGA, P. J.**

Defendant appeals from a judgment convicting him of two counts of second-degree robbery, ORS 164.405. On appeal, he raises one assignment of error, contending that the trial court erred by denying his request for the less-satisfactory-evidence instruction. We conclude that, because the evidence here is not sufficient to merit giving the instruction, the trial court did not err. Accordingly, we affirm.

Under ORS 10.095, the jury is "to be instructed by the court on all proper occasions" as follows:

"(7)   That evidence is to be estimated, not only by its own intrinsic weight, but also according to the evidence which it is in the power of one side to produce and of the other to contradict; and, therefore,

"(8)   That if weaker and less satisfactory evidence is offered when it appears that stronger and more satisfactory evidence was within the power of the party, the evidence offered should be viewed with distrust."

What constitutes a "proper occasion" for giving an instruction under ORS 10.095 is a question of law. *State v. Payne*, 366 Or 588, 607, 468 P3d 445 (2020).

As we recently explained in *State v. Palacios-Romero*, "[t]he less-satisfactory-evidence instruction is to be given when (1) other evidence was reasonably available on a fact in issue, and (2) there is a basis for the jury to conclude that the other evidence is stronger and more satisfactory than the evidence offered." 320 Or App 563, 566-67, 514 P3d 137 (2022) (internal quotation marks omitted). The instruction "'draws the jury's attention to a party's failure to produce evidence *when that failure could give rise to an inference that the evidence would be adverse to the party*—that is, when it appears that the party may be trying to hide something.'" *Id.* at 567 (quoting *State v. McNassar*, 77 Or App 215, 218, 712 P2d 170, *rev den*, 300 Or 704 (1986) (emphasis in *McNassar*)).

The evidence here was not sufficient to merit giving the instruction, because the record does not support a reasonable inference that the state possessed and failed

to produce stronger evidence. At trial, the state presented testimony from a loss prevention specialist, Miller, that he observed defendant entering and leaving the store where the robberies took place multiple times and concealing an item under his shirt. Defendant asserts that the stronger and more satisfactory evidence would have been video of defendant entering the store or hiding an item under his shirt.[1] However, Miller testified that he turned all relevant footage over to the police. Defendant's formal request for discovery included a request for copies of any photographs, video, or audio recording taken or obtained by the police in the course of the investigation, and defendant does not allege any discovery violations or failures to disclose additional surveillance footage. Accordingly, on this record, it would have been purely speculative to conclude that other evidence was reasonably available on a fact in issue. No reasonable inference could be drawn from this record that other evidence was stronger and more satisfactory than the evidence offered, or that the state might have been trying to hide something. *See State v. McDonnell*, 313 Or 478, 503, 837 P2d 941 (1992) ("[N]othing in the record suggests that the state had any other evidence that it did not offer \*\*\*, or that the state could have obtained additional admissible evidence and simply failed to do so."). Thus, the trial court did not err in declining to give the less-satisfactory-evidence instruction. Furthermore, as we stated in *Palacios-Romero*, "it is unclear when, if ever, it would be appropriate to give the less-satisfactory-evidence instruction when both parties have equal access to the purportedly stronger evidence," given reciprocal discovery and the availability of *subpoena duces tecum*. 320 Or App at 567-68 (citing *McDonnell*, 313 Or at 500).

Affirmed.

---

[1] Defendant also asserts that the state should have produced the hat item tags Miller testified he retrieved from the garbage and turned over to the police, relating to defendant's alleged theft of a hat. However, the state at trial conceded that theft of the hat could not be proved beyond a reasonable doubt and was therefore not the basis for the theft element of the robbery. The hat item tags are therefore not stronger and more satisfactory evidence of any fact in issue.