***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Submitted on remand from the Oregon Supreme Court December 30, 2020,
affirmed August 10, petition for review denied November 23, 2022 (370 Or 471)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

LONI ELIZABETH HORNER,
*Defendant-Appellant.*

Multnomah County Circuit Court
18CR35204; A169866

On remand from the Oregon Supreme Court, *State v. Horner*, 367 Or 257, 475 P3d 882 (2020).

Kenneth R. Walker, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Kyle Krohn, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Dashiell L. Farewell, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Shorr, Judge, and Powers, Judge.

ORTEGA, P. J.

Affirmed.

**ORTEGA, P. J.**

Defendant appeals from a judgment convicting her of driving under the influence of intoxicants, ORS 813.010. On appeal, defendant raises one assignment of error in which she contends that the trial court erred by refusing to give the jury the less-satisfactory-evidence instruction. We previously affirmed without opinion, and the matter was remanded by the Supreme Court for reconsideration in light of its decision in *State v. Payne*, 366 Or 588, 468 P3d 445 (2020). We again conclude that the trial court did not err because the evidence was not sufficient to merit giving the instruction, and we affirm.

Under ORS 10.095, the jury is "to be instructed by the court on all proper occasions" as follows:

"(7)   That evidence is to be estimated, not only by its own intrinsic weight, but also according to the evidence which it is in the power of one side to produce and of the other to contradict; and, therefore,

"(8)   That if weaker and less satisfactory evidence is offered when it appears that stronger and more satisfactory evidence was within the power of the party, the evidence offered should be viewed with distrust."

What constitutes a "proper occasion" for giving an instruction under ORS 10.095 is a question of law. *Payne*, 366 Or at 603-04.[1]

As we recently explained in *State v. Palacios-Romero*, "the less-satisfactory evidence instruction is to be given when (1) other evidence was reasonably available on a fact in issue, and (2) there is a basis for the jury to conclude that the other evidence is stronger and more satisfactory than the evidence offered." 320 Or App 563, 566-67, 514 P3d 137 (2022) (citations omitted). The instruction "'draws the jury's attention to a party's failure to produce evidence *when that failure could give rise to an inference that the evidence would be adverse to the party*—that is, when it appears that

---

[1] Some of defendant's briefing, which was filed before *Payne* was decided, is couched in terms of the trial court abusing its discretion in not giving the instruction. As *Payne* has since made clear, that is not the applicable standard of review.

the party may be trying to hide something.'" *Id.* (quoting *State v. McNassar*, 77 Or App 215, 218, 712 P2d 170, *rev den*, 300 Or 704 (1986)) (emphasis in *McNassar*).

At trial, the state presented the testimony of the arresting officer, Fullington, establishing the details and timing of the traffic stop and subsequently taking defendant into custody. Defendant asserts that the stronger and more satisfactory evidence would have been the documentation from the computer aided dispatch (CAD), which included time stamps of Fullington's actions. Defendant argues that the CAD would have provided precise information about the timing of the stop, for purposes of extrapolating defendant's blood alcohol content at that time.

However, having reviewed the record, defendant has not established any basis to support an inference that the timing information from the CAD would be adverse to the state relative to the officer's testimony.

Under the circumstances presented here, the trial court did not err in declining to give the less-satisfactory-evidence instruction.

Affirmed.