***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Submitted August 17, affirmed December 14, 2022

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JASON FRANK ALLEN,
*Defendant-Appellant.*

Harney County Circuit Court
19CR82060, 19CR36600;
A174921 (Control), A174922

Lynn W. Hampton, Senior Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Matthew Blythe, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Joanna L. Jenkins, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

ORTEGA, P. J.

Affirmed.

**ORTEGA, P. J.**

Defendant appeals from judgments of conviction for driving under the influence of intoxicants (DUII) (Case No. 19CR82060) and harassment and second-degree criminal mischief (Case No. 19CR36600). On appeal, defendant raises four assignments of error. We reject each of those assignments, as explained below, and affirm.

In his first assignment of error, defendant challenges the trial court's refusal to give the less-satisfactory-evidence instruction, arguing that the results of a blood test, which can include information about how much of a drug remains in the person's bloodstream, would have been stronger evidence of defendant's intoxication than the urine test that was presented at trial. We review the trial court's refusal to give the less-satisfactory-evidence instruction under ORS 10.095 for errors of law, and we consider the evidence in the light most favorable to the party requesting the instruction to determine whether that evidence supports giving the requested instruction. *State v. Payne*, 366 Or 588, 603-07, 468 P3d 445 (2020).

"The less-satisfactory-evidence instruction is to be given when (1) other evidence was reasonably available on a fact in issue, and (2) there is a basis for the jury to conclude that the other evidence is stronger and more satisfactory than the evidence offered."[1] *State v. Palacios-Romero*, 320 Or App 563, 566-67, 514 P3d 137 (2022) (internal quotation marks omitted). We have explained that

> "the instruction 'does not penalize a party for failing to produce all *available* evidence,' but rather, as relevant here, 'draws the jury's attention to a party's failure to produce evidence *when that failure could give rise to an inference that the evidence would be adverse to the party*—that is, when it appears that the party may be trying to hide something.'"

---

[1] Under ORS 10.095, the trial court is to instruct the jury "on all proper occasions" that

"(7) The evidence is to be estimated, not only by its own intrinsic weight, but also according to the evidence which is in the power of one side to produce and of the other to contradict; and, therefore,

"(8) That if weaker and less satisfactory evidence is offered when it appears that stronger and more satisfactory evidence was within the power of the party, the evidence offered should be viewed with distrust."

*Id*. at 567 (quoting *State v. McNassar*, 77 Or App 215, 218, 712 P2d 170, *rev den*, 300 Or 704 (1986) (emphases in *McNassar*)). "Generally, the instruction need not be given where the other evidence would be merely cumulative." *State v. McDonnell*, 313 Or 478, 503, 837 P2d 941 (1992).

We conclude that the trial court did not err. Even assuming the state could have taken a blood test from defendant and admitted that evidence at trial, on this record, there is no nonspeculative basis on which to conclude that that evidence would have been adverse to the state's case or stronger evidence of defendant's intoxication, rather than merely cumulative of the other evidence. *See, e.g.*, *State v. West*, 289 Or App 415, 419, 410 P3d 382 (2017) ("In this case, there is nothing in the record that discloses how the video would be stronger and more satisfactory or could give rise to an inference that the evidence was adverse to the state."). At trial, the state introduced evidence that defendant engaged in multiple behaviors consistent with being under the influence of a central nervous stimulant, like methamphetamine, that his urine tested positive for methamphetamine and its metabolite amphetamine, and that defendant admitted to using methamphetamine two or four days before, to not sleeping for the past two days, that the methamphetamine was currently affecting his breathing such that he thought about going to the hospital, and that his "pee is going to tell the story." Defendant testified at trial that his behaviors were explained by his experiencing a schizophrenic episode and that he was not still high on methamphetamine at the time of the stop. However, in evaluating the appropriateness of giving the less-satisfactory-evidence instruction, we are not limited to comparing the strength of the urine test to the strength of a hypothetical blood test. We instead look at the whole of the record to determine whether it supported giving the instruction. We conclude that, on this record, the evidence did not support it.

In his second assignment of error, defendant argues that the trial court erred when it allowed Sergeant Timko, a certified drug recognition expert or evaluator (DRE) and former DRE instructor, to testify about "commonly observed signs of methamphetamine intoxication." Defendant asserts that the testimony was scientific testimony for which the

state failed to lay an adequate foundation. On review for errors of law, *State v. Wilson*, 266 Or App 286, 292, 337 P3d 948 (2014), we conclude that Timko's testimony was not scientific. In his testimony, Timko did not describe his training in detail, did not describe DRE protocols, and did not suggest that his testimony about "commonly observed signs of methamphetamine intoxication" was based on a scientific methodology. *See, e.g.*, *State v. Rambo*, 250 Or App 186, 195, 279 P3d 361 (2012), *rev den*, 353 Or 203 (2013) ("Specialized expert opinion evidence based on a witness's training and experience draws its force from that training and experience, but not necessarily from the mantle of science. \* \* \* [H]ere, the officer did not \* \* \* rely on the vocabulary of science, nor did he suggest that his conclusions had been reached through the application of a scientific method to collected data.").

In his third and fourth assignments of error, defendant argues that the trial court erred in instructing the jury that it "must" follow the law and the jury instructions, because, under Article I, section 16, of the Oregon Constitution, the jury has the power to disregard the court's instructions and find a defendant not guilty. On review for errors of law, *Payne*, 366 Or at 603, we conclude that the trial court did not err. *State v. McKenzie*, 92 Or App 647, 651, 759 P2d 1123 (1988), *rev'd and rem'd on other grounds*, 307 Or 554, 771 P2d 264 (1989) (concluding that the defendant was not entitled to a jury instruction based on Article I, section 16, and stating that "[t]hat section is not an affirmative grant of authority to a defendant to have the jury instructed that it may determine the law"); *State v. Hoffman*, 67 Or App 54, 56, 677 P2d 72, *rev den*, 297 Or 82 (1984) ("Article I, section 16, merely acknowledges that which is inherent in all juries—the power to acquit; it is not a grant of authority to a defendant to ask a jury to exercise that power despite the applicable law as instructed by the court.").

Affirmed.