No. 630 November 29, 2023 343

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ROBERT EARL OCKERMAN,
*Defendant-Appellant.*

Lane County Circuit Court
19CR61723; A176053

Bradley A. Cascagnette, Judge.

Submitted February 27, 2023.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Matthew Blythe, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Paul L. Smith, Deputy Solicitor General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

HELLMAN, J.

Portion of judgment imposing $2,000 DUII fine vacated; remanded for resentencing; otherwise affirmed.

**HELLMAN, J.**

Defendant appeals his judgment of conviction for driving under the influence of intoxicants (DUII), ORS 813.010. On appeal, he raises two assignments of error. In the first, defendant argues that the trial court erred when it refused to give the less-satisfactory-evidence instruction. In the second, defendant argues that the trial court erred when it imposed a mandatory minimum $2,000 fine because the jury did not make any findings as to defendant's blood alcohol content (BAC) as required for imposition of that fine. For the reasons below, we vacate the portion of the judgment imposing the $2,000 fine, remand for resentencing, and otherwise affirm.

*Jury Instruction*. Under ORS 10.095, the jury is "to be instructed by the court on all proper occasions" as follows:

"(7)   That evidence is to be estimated, not only by its own intrinsic weight, but also according to the evidence which it is in the power of one side to produce and of the other to contradict; and, therefore,

"(8)   That if weaker and less satisfactory evidence is offered when it appears that stronger and more satisfactory evidence was within the power of the party, the evidence offered should be viewed with distrust."

What constitutes a "proper occasion" for giving an instruction under ORS 10.095 is a question of law. *State v. Payne*, 366 Or 588, 607, 468 P3d 445 (2020).

We have held that, "[t]he less-satisfactory-evidence instruction is to be given when (1) other evidence was reasonably available on a fact in issue, and (2) there is a basis for the jury to conclude that the other evidence is stronger and more satisfactory than the evidence offered." *State v. Palacios-Romero*, 320 Or App 563, 566-67, 514 P3d 137, *rev den*, 370 Or 472 (2022) (internal quotation marks omitted). The instruction "'draws the jury's attention to a party's failure to produce evidence *when that failure could give rise to an inference that the evidence would be adverse to the party—* that is, when it appears that the party may be trying to hide something.'" *Id*. at 567 (quoting *State v. McNassar*, 77

Or App 215, 218, 712 P2d 170, *rev den*, 300 Or 704 (1986) (emphasis in *McNassar*)).

Defendant was charged with DUII based on evidence that he drove his motorcycle while intoxicated. The state's primary witnesses were the investigating officers who responded to the scene of a reported motorcycle crash. Defendant sought the less-satisfactory-evidence instruction because the state did not call two witnesses for whom it had issued subpoenas. Those witnesses included a person who had called 9-1-1 to report someone "yelling some obscenities" near the scene and another person who had provided information to the 9-1-1 caller.

After a review of the record, we agree with the trial court that the evidence here was not sufficient to merit giving the instruction, because the record does not support a reasonable inference that other evidence was stronger and more satisfactory than the evidence offered, or that the state might have been trying to hide something. *See State v. McDonnell*, 313 Or 478, 503, 837 P2d 941 (1992) ("[N]othing in the record suggests that the state had any other evidence that it did not offer * * *, or that the state could have obtained additional admissible evidence and simply failed to do so."). Further, both parties had equal access to the potential witnesses and "it is unclear when, if ever, it would be appropriate to give the less-satisfactory-evidence instruction when both parties have equal access to the purportedly stronger evidence[,]" given reciprocal discovery and the availability of *subpoena duces tecum. Palacios-Romero*, 320 Or App at 567-68 (citing *McDonnell*, 313 Or at 500). Thus, the trial court did not err in declining to give the less-satisfactory-evidence instruction.

*Enhanced mandatory minimum fine.* In his second assignment of error, defendant argues that the trial court erred when it imposed a $2,000 mandatory minimum fine, which is an enhanced penalty for a DUII. ORS 813.010(6)(d). As the state correctly concedes, the jury never found that defendant's BAC was greater than 0.15 percent, which is the necessary fact to increase defendant's mandatory minimum fine to $2,000. Without that fact, the trial court was without authority to impose the greater mandatory minimum fine.

*Alleyne v. United States*, 570 US 99, 112, 133 S Ct 2151, 186 L Ed 2d 314 (2013).

Portion of judgment imposing $2,000 DUII fine vacated; remanded for resentencing; otherwise affirmed.