No. 291 May 1, 2024 437

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

VICTOR JOSUE RODRIGUEZ,
*Defendant-Appellant.*

Multnomah County Circuit Court
20CR36458; A177478

Kelly Skye, Judge.

Submitted August 21, 2023.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Bruce A. Myers, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Shannon T. Reel, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Hellman, Judge, and Armstrong, Senior Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

Defendant appeals from a judgment of conviction for one count of fourth-degree assault and one count of attempted coercion. On appeal, he raises two assignments of error. In the first, he argues that the trial court erred when it denied his request for the less-satisfactory evidence jury instruction. In his second, he argues that the trial court imposed an unlawful probation condition when it required him to disclose any "ongoing, intimate relationships" to his probation officer. For the reasons that follow, we affirm.

The charges in this case arose out of a physical encounter between defendant and the victim, C, at her hair salon. After she had drinks with a client, C called defendant and asked him for a ride home. C testified that after defendant entered the salon, he turned off the security cameras. He then physically assaulted her and accused her of cheating on him. Defendant testified that he acted in self-defense because C was intoxicated and had repeatedly hit him in the face with her shoe. Although the jury acquitted defendant of several charges, it convicted him of two counts of fourth-degree assault—which merged—and attempted coercion constituting domestic violence.

*Less-satisfactory-evidence jury instruction.* Defendant argues that the trial court should have given the less-satisfactory-evidence instruction because the state failed to produce a security video that showed defendant entering the salon. Defendant explains that the video would have supported his self-defense theory because it would have shown his demeanor and who instigated the physical encounter.

"In reviewing the trial court's refusal to give a requested instruction, we view the record in the light most favorable to establishment of the facts necessary to require that instruction." *State v. West*, 289 Or App 415, 416, 410 P3d 382 (2017) (internal quotation marks omitted). A party requesting the less-satisfactory-evidence instruction must demonstrate that "other evidence was reasonably available on a fact in issue and that there is a basis for the jury to conclude that the other evidence is stronger and more

satisfactory than the evidence offered." *Id.* at 418 (internal quotation marks omitted).

Here, the record does not support a determination that the evidence was reasonably available to the prosecutor. At a pretrial hearing, the prosecutor indicated that there was no video evidence in the case, and defense counsel agreed. Moreover, the investigating officer testified that C showed him where the camera feed had been ripped from the wall. Finally, in arguing for the instruction, defense counsel did not claim that the state possessed a video, and only argued that any video was "well within the state's ability to obtain and produce." Even though C testified at grand jury that defendant struck her before turning off the camera, which was inconsistent with her trial testimony, that inconsistency does not establish that a video existed or that it was reasonably available to the state. The trial court did not err in refusing to give the instruction.

*Unlawful probation condition.* Defendant argues that the trial court imposed an unlawful probation condition when it required him to disclose any "ongoing, intimate relationships" to his probation officer because the condition "broadly restricts defendant's fundamental right to association." We do not reach the merits of defendant's argument because it is unpreserved. Here, defendant had enough notice of the condition to require an objection to preserve the issue. *See State v. Priester*, 325 Or App 574, 530 P3d 118, *rev den*, 371 Or 332 (2023) (explaining that "when shorthand is used, there must be evidence in the record to show exactly what the shorthand referred to, such that the shorthand did, in fact, serve as a mechanism to comply with the statutory and constitutional requirements to pronounce a defendant's sentence in open court"). Although the trial court did not specifically list each probation condition during the sentencing hearing, the court announced that it was imposing "DVIC or comparable" conditions, attached those conditions to the temporary sentencing order, and defense counsel initialed a statement that counsel "[had] reviewed the contents of the [temporary order] and it appears consistent with the sentence announced by the court." Thus, the shorthand "DVIC or comparable," along with the other evidence in the record,

demonstrates that the parties understood that the short-hand encompassed the now-challenged condition.

Defendant does not ask us to review for plain error, and in any case, the record does not demonstrate any "error of law, obvious and not reasonably in dispute, and [that is] apparent on the record without requiring the court to choose among competing inferences," *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013), especially given that, on its face, the condition does not impermissibly restrict defendant's relationships, but only requires him to disclose them to his probation officer.

Affirmed.