No. 75          February 5, 2025          639

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DEREK JOHN FRANZEN,
*Defendant-Appellant.*

Deschutes County Circuit Court
20CR28569; A179028

Alison M. Emerson, Judge.

On appellant's petition for reconsideration filed December 4, 2024. Opinion filed November 6, 2024. 336 Or App 97, 559 P3d 919.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Carla E. Edmondson, Deputy Public Defender, Oregon Public Defense Commission, for petition.

Before Aoyagi, Presiding Judge, Joyce, Judge, and Kistler, Senior Judge.

KISTLER, S. J.

**KISTLER, S. J.**

Defendant has petitioned for reconsideration of our decision in *State v. Franzen*, 336 Or App 97, 559 P3d 919 (2024). He argues that the decision is factually incorrect in one respect. We allow the petition for reconsideration, modify our decision, and adhere to the decision as modified.

We briefly describe the relevant facts. *See id.* at 98-99. A jury convicted defendant of harassment following a confrontation between defendant and Benjamin, a volunteer at a charity event being held at a café in La Pine. The café's owner asked Benjamin to leave. Benjamin was sitting in his car, which was parked beside the café. Defendant approached Benjamin's car, Benjamin got out of the car, and the two men confronted each other. Defendant swung at Benjamin and may or may not have missed; Benjamin fell backwards and was injured.

A security camera at a cardlock fueling station next to the café recorded the confrontation. When an officer investigating the confrontation asked the manager of the fueling station to make a digital copy of the surveillance video, the manager explained that he did not know how to do that. To preserve the images on the surveillance video, which would be recorded over in the regular course of business, the officer used his cell phone to record what he perceived was the relevant portion of the surveillance video. The cell phone video was admitted as evidence at defendant's trial.

At the close of the evidence, defendant asked the trial court to give a less-satisfactory-evidence instruction. Among other grounds for requesting the instruction, defendant noted that, in recording the original surveillance video, the officer had "zoomed in" on the confrontation and had not recorded the entire monitor showing the original surveillance video. *See id.* at 103. Defendant argued that, as a result of focusing on the confrontation, the cell phone video was less satisfactory than the original surveillance video. Specifically, defendant argued at trial that the original surveillance video "would have been able to show and corroborate whether there were other witnesses outside [the

café who] actually witnessed that incident."[1] The trial court declined to give the requested instruction, and defendant appealed, assigning error to the court's ruling.

In our original opinion, we explained that that ground for challenging the trial court's ruling "fail[ed] for two reasons." *Id.* We observed initially that, although there had been testimony at a pretrial hearing that the officer had zoomed in on the confrontation rather than recording the entire monitor, "[t]here was no evidence at trial that the officer zoomed in when he recorded the original surveillance video." *Id.* We explained alternatively that defendant's challenge failed for another reason. Specifically, his challenge rested on the speculative possibility "that, if the officer had recorded the entire monitor, as opposed to zooming in on the confrontation, the resulting recording might have revealed something that could have been helpful." *Id.* We reasoned that such speculation was not sufficient under *State v. McDonnell*, 313 Or 478, 500, 837 P2d 941 (1992), to justify giving a less-satisfactory-evidence instruction. *Franzen*, 336 Or App at 103.

In his petition for reconsideration, defendant challenges the first reason we noted for upholding the trial court's ruling, but he does not appear to challenge the second. He argues that our first reason for upholding the trial court's ruling is factually incorrect. As defendant correctly notes, the jury reasonably could have inferred from the difference between the opening, wider shot on the cell phone video and the later, tighter shot showing the confrontation between defendant and Benjamin that the officer had zoomed in on the confrontation. We modify our original opinion accordingly.

Defendant, however, does not squarely address the second, alternative reason that we noted for upholding the trial court's ruling. Rather, he restates, at a more general

---

[1] The café owner testified that she watched the confrontation from inside the café. She also testified that her sister went outside during the confrontation and that another woman was going out the front door. The cell phone video shows that, after Benjamin fell, a woman (apparently the owner's sister) steps between defendant and Benjamin. The cell phone video then follows the woman as she walks defendant back to the café. The cell phone video does not show anyone else standing outside the café.

level, the argument that he made at trial and on appeal. Specifically, he argues on reconsideration that, "because the recording documenting the zoom was in evidence, the jury could have inferred that the original surveillance video would have provided a more complete picture of what occurred." However, saying that the picture would have been "more complete" does not eliminate the speculation inherent in his original argument at trial or on appeal—that a wider view could have revealed additional witnesses. Beyond that, defendant never explains how the jury reasonably could infer, at least on this record, that a wider-angle shot showing additional witnesses (if any would have been visible on a wider-angle shot) would have been "stronger" evidence. *See State v. West*, 289 Or App 415, 419, 410 P3d 382 (2017) (explaining that "there is nothing in the record that discloses how [a] video would be stronger and more satisfactory" evidence than the documentary evidence that the state had submitted at trial). We accordingly adhere to our decision as modified.

Reconsideration allowed; former opinion modified and adhered to as modified.